UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WASIM ALMAKKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:17-cv-00227-TWP-DKL |
| | ) |
| STRYKER ORTHOPAEDICS, | ) |
| | ) |
| Defendant. | ) |

**Entry Granting Motion to Proceed *in forma pauperis*,
Discussing Complaint, and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is granted. No payment of a fee is required at this time. Notwithstanding the foregoing ruling, the plaintiff should be aware that he owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II**.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute provides that a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff Wasim Almakki alleges in this complaint that, while working as a delivery driver for the defendant, he was in a car accident and sustained serious injuries. He goes on to allege that

after he purchased a new delivery truck and returned to work, he was required to deliver heavier items and was then fired "for no reason."

Based on these allegations, the Court can identify no basis for jurisdiction over these claims. Subject to exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003)(explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Similarly, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan,* 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

Finding that it lacks jurisdiction over the plaintiff's claims as filed, the Court could dismiss it for this reason. But the plaintiff will be given through **February 24, 2017**, to file an Amended Complaint which contains claims that are within the jurisdiction of this Court.

**IT IS SO ORDERED.**

Date: 1/25/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WASIM ALMAKKI
12348 Hancock St.
Carmel, IN 46032